IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.                             ) | 2:17cr153 |
| ) | **Electronic Filing** |
| **DEON BLAIR**                 ) | |

**MEMORANDUM OPINION**

February 22, 2021

**I.    INTRODUCTION**

On or about June 13, 2017, a Federal Grand Jury returned a Six (6) Count Indictment against Defendant, Deon Blair ("Blair" or "Defendant"), charging him with: (1) possession with intent to distribute and distribution of butyryl fentanyl and fentanyl resulting in serious bodily injury and death (Count One); (2) possession with intent to distribute and distribution of heroin, butyryl fentanyl and fentanyl (Counts Two & Three); (3) conspiracy to distribute heroin, butyryl fentanyl and fentanyl (Count Four); (4) possession of a firearm in furtherance of a drug trafficking crime (Count Five); and (5) possession of a firearm by a convicted felon (Count Six). In September of 2018, Blair filed several pretrial motions, including motions to suppress statements and physical evidence seized as the result of the execution of a search warrant on February 17, 2017 at 229, Dinwiddie Street, Pittsburgh, PA 15219. The Court held a hearing on the motion to suppress on December 3, 2018, and by Memorandum Opinion dated February 1, 2019, the motion to suppress was granted in part and denied in part.

On September 24, 2019, the Government filed a Six (6) Count Superseding Indictment charging Blair with the same crimes set forth above. On November 14, 2019, Blair filed a Motion to Suppress the contents of a black LG cell phone seized during the February 17th search. The Government has responded, and the motion is now before the Court.

**II.     DISCUSSION**

On February 17, 2017, a search warrant was executed at 229 Dinwiddie Street in the City of Pittsburgh, the residence of Deon Blair, by a Pennsylvania State Police SWAT team. *See* Hearing Transcript ("Trans.") pp. 12-13.  Detective William Churilla ("Churilla") of the City of Pittsburgh Police Department, and affiant of the affidavit of probable cause on the search warrant, also took part in the execution of the warrant. Trans. p. 13.  During the search, police officers seized a black LG cell phone. Blair contends that the contents of the cell phone was searched by the police without obtaining a separate search warrant and all evidence extracted therefrom must be suppressed.

The Government agrees that the cell phone was briefly searched during the search of 229 Dinwiddie Street, but contends that the same search warrant that authorized the search of Blair's residence also authorized the search of the cell phone. Govt. Exhibit 1.  The warrant authorized the search and seizure of " . . . Cell phones or any other electronic device under Blair control . . . Target: Deon Blair Cell phone # 412-515-4318." *See* Exhibit 1, p. 1.  Rule 41(e)(2)(B) of the Federal Rules of Criminal Procedure authorizes a warrant to include the seizure of "electronic storage media or the seizure or copying of electrically stored information," and "authorizes a later review of the media or information consistent with the warrant." FED. R. CRIM. P. 41(e)(2)(B). A warrant that authorizes the seizure of electronics implicitly authorizes a subsequent search of the electronics. *See, e.g., United States v. Fifer*, 863 F.3d 759, 766 (7th Cir. 2017) (finding a warrant identifying an apartment as "the place 'to be searched'" and electronic devices as "items to be seized," necessarily included a "concomitant directive to search that device's digital contents"); *see also United States v. Castro*, 881 F.3d 961, 967 (6th Cir. 2018) ("federal officers may use a state warrant [to search a cell phone] to conduct a follow-up search

of a seized cell phone without obtaining a second warrant so long as the search does not exceed the probable cause articulated in the original warrant").

*Fifer* involved an initial state court search warrant issued in a drug investigation, and a later-issued federal search warrant after sexually explicit images of a teenage girl were found on a cell phone that had been seized. The Court of Appeals said:

> [B]y explicitly authorizing the police to seize the electronic devices found in Fifer's apartment, the warrant implicitly authorized them to search those devices as well...After all, the whole point of a search warrant is to authorize police to search for evidence of a crime. And it seems inescapable that if there's probable cause to seize an object because it might contain evidence of a crime, then there's also probable cause to search the object for the evidence it might contain.

*United States v. Fifer*, 863 F.3d 766. Here, the warrant is very particular with regard to the evidence that the officers were seeking, and the brief search of the device during the initial search of the premises did not exceed the probable cause articulated in the original warrant. Accordingly, the warrant authorized the search and seizure of the black LG cell phone. Blair relies on *Riley v. California*, 573 U.S. 373 (2014) which is inapposite as it concerned the search of phones seized incident to arrest, not items seized pursuant to a search warrant authorized by a Judge of the Court of Common Pleas of Allegheny County, Pennsylvania, as in this instance.

Further, a federal search warrant for the black LG cell phone and all other cell phones located inside 229 Dinwiddie, was obtained in May 2017 after the ATF opened a case and took the cell phones into federal custody. *See* Govt. Exhibit 2.  Therefore, even assuming that the on-site search of the electronic devices was illegal, the resulting evidence was still admissible under the independent-source doctrine which allows the introduction of evidence initially discovered unlawfully if it was later discovered by an independent lawful means. *See United States v. May*, 214 F.3d 900, 906 (7th Cir. 2000). Based on the Affidavit of Probable Cause in the federal search warrant, whose validity is not in dispute, the warrant was independent of any evidence derived from the electronic devices during the on-site search.

The challenged evidence is also admissible under the related doctrine of inevitable discovery, under which illegally obtained evidence is admissible if the government can prove that the evidence ultimately would have been legally discovered. *See United States v. Marrocco*, 578 F.3d 627, 637 (7th Cir. 2009). Here, even if the on-site search hadn't occurred, the ATF would have issued the federal warrant based upon their vast experience in investigations of firearms and narcotics violations. The evidence on Blair's electronic devices, therefore, would have been discovered as a result of that warrant.

Therefore, Blair's motion to suppress will be denied.

### III. CONCLUSION

Based upon the foregoing, Blair's motion to suppress shall be denied.

An appropriate order follows.

Cercone, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.     ) | 2:17cr153 |
| ) | **Electronic Filing** |
| **DEON BLAIR** ) | |

### ORDER OF COURT

AND NOW this 22nd day of February, 2021, upon consideration of the Motion to Suppress (ECF No. 132) filed on behalf of Defendant, Deon Blair, and the Government's responses thereto, in accordance with Memorandum Opinion filed herewith,

IT IS HEREBY ORDERED that the Motion to Suppress is **DENIED**.

s/ DAVID STEWART CERCONE
David Stewart Cercone
Senior United States District Judge

cc:    Craig W. Haller, AUSA
Martin A. Dietz, Esquire
Frank C. Walker, Esquire

(*Via CM/ECF Electronic Mail*)