IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | 2:17cr00153 |
| | ) | **Electronic Filing** |
| **DEON BLAIR** | ) | |

MEMORANDUM ORDER

AND NOW, this 28th day of August, 2023, upon due consideration of defendant's *pro se* motion to dismiss count one based on a broadening of the charge in the superseding indictment, IT IS ORDERED that [244] the motion be, and the same hereby is, denied.

Defendant's contention that the superseding indictment improperly constituted a constructive amendment of the original indictment is misplaced. The Supreme Court did recognize in Stirone v. United States, 361 U.S. 212 (1960), that the Fifth Amendment prohibits an indictment that has been returned by a grand jury from being broadened through amendment. Id. at 215-16. Such an error is often referred to as a variance. See id. at 217 ("While there was a variance in the sense of a variation between pleading and proof, that variation here destroyed the defendant's substantial right to be tried only on charges presented in an indictment returned by a grand jury."); United States v. Hill, 378 F. Supp.3d 387, 391 (E.D. Pa. 2018) (a variance occurs "where the charging terms of the indictment are not changed but when the evidence at the trial proves facts materially different from those alleged in the indictment.").

Here, defendant claims that the change at count one from "unlawfully possess with the intent to distribute and distribute" in the original indictment to "unlawfully distribute" in the superseding indictment impermissibly broadened the charge. To the contrary, however, the superseding indictment actually narrowed the grounds for which defendant could be tried and it did so by deleting the means of possessing the controlled substance with the intent to distribute

from the scope of the charge.  In other words, nothing was added to count one through the return of the superseding indictment and, in fact, the original charge was narrowed in defendant's favor.  So any change that did occur could not have been prejudicial to defendant.

Moreover, the change in the charge was made by the Grand Jury.  As the Court in <u>Stirone</u> made clear, charges in an indictment may be broadened by "the grand jury itself."  <u>Stirone</u>, 361 U.S. at 216.  That is exactly how the change occurred here: through the return of a superseding indictment.  Consequently, the superseding indictment did not impermissibly change the charge at count one and defendant's *pro se* motion claiming that it did is meritless.

<u>s/David Stewart Cercone</u><br>
David Stewart Cercone<br>
Senior United States District Judge

cc:    Craig W. Haller, AUSA
       Martin A. Dietz, Esquire
       Frank C. Walker, Esquire

       United States Probation Office
       United States Marshal Service

       (*Via CM/ECF Electronic Mail*)